# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| AG ACQUISITION CORPORATION, d/b/a ASTRO GAMING, a Delaware corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>TreeLabs USA LLC, a Delaware limited liability company,<br>      Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff AG Acquisition Corporation, d/b/a Astro Gaming ("Astro"), by its attorneys, for its complaint against Defendant, TreeLabs USA LLC ("Defendant") states as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

2. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is incorporated in Delaware, does business in Delaware, and the facts giving rise to the claims alleged herein have occurred in Delaware.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) because the facts giving rise to the claims alleged herein have occurred in this District and because the Defendant is incorporated in this District.

## The Parties

4. Astro is a Delaware corporation with its principal place of business located at 340 Bryant Street, Suite 101, San Francisco, CA 94107. Astro is an audio company that designs, manufactures, markets and sells premium audio devices, including wired, wireless, and Bluetooth audio headsets, related amplifiers and other audio accessories marketed for video gaming. Products manufactured and sold by Astro are for sale in this District and Astro is doing business in this District.

5. On information and belief, Defendant is a Delaware limited liability company with a registered agent address at 874 Walker Rd, Dover, DE 19904.

6. On information and belief, Defendant, through its agents and representatives, has done, and is doing, business in this District, and has engaged in acts and/or omissions within this District causing injury to Astro. Upon further information and belief, Defendant markets and distributes audio equipment, namely wireless speakers in this District through its website www.tree-labs.com and related social media platforms, at the following addresses www.facebook.com/treelabs, www.pinterest.com/Treelabs, www.instagram.com/tree.labs, www.youtube.com/channel/UCmpUP1Al5jVifZL5Avo81KA (collectively "Defendant's Websites").

## Astro's ASTRO Trademarks

7. Astro's predecessor-in-interest, Astro Studios, began as a design studio that developed award winning designs for consumer electronics products such as the original XBOX 360 system, Alien laptops and other award winning designs. When Brett Lovelady, the owner of Astro Studios, met Jordan Reiss, an e-commerce expert, they decided to start a company to make high-quality audio products to market to video gamers, and Astro was born.

8.      Since its founding in 2006, Astro has been an innovative force in the headset market. Its first major product, the A40 + MixAmp, launched in December of 2007 and quickly set a new standard for audio products marketed to video gamers. Astro now enjoys a large market share among the ever-growing ranks of consumers interested in high quality headphones that can be used for gaming. Astro's innovative products and distinctive brand are the result of the design and e-commerce talent of its founders. Soon after focusing its efforts on headsets, the design-oriented lifestyle company became technically adept in the audio field. Astro is now best described as an audio company.

9.      As a result of its audio innovation, brand and design acumen, Astro has developed an excellent, hard-earned reputation in the audio field for comfort and high-quality sound reproduction, as well as a loyal and large customer base.

10.     In April 2011, Astro was acquired by Skullcandy, Inc. ("Skullcandy"), a consumer electronics company that designs, markets and distributes audio equipment, including speakers, headphones, ear buds, earphones, headsets, and other audio accessories in U.S. interstate commerce. As a result of its innovative audio products, Skullcandy has developed an excellent reputation for its products and a loyal and extremely large customer base. Skullcandy's reputation and goodwill in the audio industry extends to its subsidiary Astro, the ASTRO Marks, and Astro's audio products.

11.     Since at least as early as 2007, Astro has continuously used the marks ASTRO, ASTRO GAMING and the ASTRO Logo, *astro*, (collectively, the "ASTRO Marks"), on or in connection with a range of audio products, including, headsets, headphones, amplifiers, speaker covers, and related accessories (hereinafter "Audio Products"), in interstate

commerce throughout the United States.  Many of the Audio Products are Bluetooth or wireless products.

12. Astro has invested significant resources in developing, advertising, promoting, and marketing the Audio Products under the ASTRO Marks throughout the United States.  As a result of Astro's extensive investment in the ASTRO Marks, Astro owns strong common law trademark rights in the ASTRO Marks, embodying very valuable goodwill.

13. Astro markets and distributes the Audio Products under the ASTRO Marks throughout the United States through its website www.astrogaming.com ("Astro Website"), and other online retail outlets, as well as through brick-and-mortar stores.  Representative examples of Astro's use of the ASTRO Marks on the Audio Products and on the Astro Website can be found below and attached as Exhibit A.




**ASTRO MixAMP**          **ASTRO speaker covers**



**ASTRO carrying case**           **ASTRO headset**

14. In addition to its common law trademark rights, Astro owns a number of U.S. federal trademark registrations for the ASTRO Marks, including the following U.S. Trademark Registration Nos. 4,129,192 and 4,933,259:

| Mark | Reg. No. | Reg. Date | Date(s) of First Use | Goods |
|---|---|---|---|---|
| astro | 4,933,259 | 4/5/2016 | 1/1/2008 – Classes 9 & 28<br><br>1/1/2013 – Classes 18 & 25 | Class 9: Headphones<br><br>Class 18: All purpose sport bags, duffle bags, backpacks<br><br>Class 25: Apparel, namely, t-shirts, sweatshirts<br><br>Class 28: Gaming headsets for use with console-based video games, PC-based video games and video games on mobile devices |
| ASTRO GAMING | 4,129,192 | 4/17/2012 | 4/30/2008 | Class 9: Headsets and headphones for use with video gaming consoles, computers, and personal audio devices; audio mixers and amplifiers; audio headset stands, fiber optic cables; audio cables; rechargeable battery packs; audio headset cables; signal splitters for electronic apparatus; USB power cables; holders for audio headset; stands for audio headset; audio and video cables; cable adaptors; PC audio headset adaptors; microphones; audio headset headband pads; audio headset ear pads |

5

|  |  |  |  | Class 25: Shirts and t-shirts |
|---|---|---|---|---|

Copies of U.S. Registration Nos. 4,129,192 and 4,933,259 are attached as Exhibit B. These federal registrations are valid, subsisting and in full force and effect.

15. As a result of Astro's continuous use of the ASTRO Marks in United States commerce, the ASTRO Marks have become assets of substantial value to Astro as distinctive indicators of the origin and quality of Astro's products.

16. Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Astro's federal registration certificates are *prima facie* evidence of the validity of the registered ASTRO Marks, Astro's ownership of the registered trademarks, and Astro's exclusive right to use the registered trademarks in connection with the goods specified in the certificates of registration.

17. Pursuant to 15 U.S.C. § 1072, Defendant has constructive notice of Astro's claim of ownership in the registered ASTRO Marks. Defendant also had actual notice of Astro's claim of ownership in the ASTRO Marks, prior to the filing of this Complaint as explained in more detail in subsequent paragraphs.

18. Upon information and belief, after Astro applied for federal registration of the ASTRO Marks, and notwithstanding Astro's nationwide prior constructive rights in the marks, in October 2015, Defendant began selling a wireless Bluetooth portable audio speaker through Defendant's Websites under the ASTRO mark, which is identical to Astro's ASTRO Marks.

19. Upon information and belief, Defendant's audio speaker product is identical or closely related to Astro's Audio Products. Upon information and belief, Defendant offers for sale and sells audio speakers, under the identical ASTRO mark, through the same channels of trade and to the same and or overlapping classes of consumers that are utilized by Astro in

connection with its Audio Products offered under the ASTRO Marks. A sample of Defendant's ASTRO mark as applied to Defendant's product is reproduced below.



20. Astro has not authorized, licensed or otherwise endorsed the use of any of its marks by Defendant.

21. On November 11, 2015, Astro sent a letter to Defendant concerning Defendant's unauthorized use of the ASTRO mark. (Exhibit C.) The demand letter expressed Astro's concerns that Defendant's sale of audio speakers under the ASTRO mark infringed Astro's ASTRO Marks and violated other provisions of the Lanham Act, including false designation of origin and unfair competition. Astro demanded that Defendant cease use of the ASTRO mark.

22. After a series of communications between counsel for both parties over the next several months in an attempt to resolve the matter amicably, Astro again reiterated its concerns in a letter dated April 5, 2016 (Exhibit D). Defendant responded by letter on May 20, 2016 indicating that it would not cease use of the ASTRO mark. (Exhibit E.)

23. Notwithstanding Astro's objections to Defendant's adoption and use of the ASTRO mark, Defendant continues to use the ASTRO mark in connection with the sale and marketing of its audio speaker without Astro's permission.

24. Upon information and belief, Defendant is using the ASTRO mark with actual knowledge of Astro's distinctive ASTRO Marks, and with an intent to capitalize on the

reputation and goodwill of Astro, to confuse and deceive consumers, and to unfairly compete with Astro.

25.     Upon information and belief, Defendant's use of the ASTRO mark in connection with the sale of audio speakers in interstate commerce has caused and is likely to cause confusion, mistake, and deception among the relevant purchasing public.  Consumers and the trade will likely believe that Defendant's audio goods are in some way associated with, connected with, approved, or authorized by Astro, or that Defendant's audio goods originate from the same source as do Astro's Audio Products, when that is not the case.

26.     Any such confusion would result in injury or have a direct impact on Astro's reputation and its ability to market its own products under the ASTRO Marks.  In addition, any defect, objection, or fault found with Defendant's audio products would negatively impact and seriously injure the reputation Astro has established for the Audio Products it sells under the ASTRO Marks.

27.     All of the foregoing acts of Defendant has caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage for which Astro has no adequate remedy at law.

## COUNT I
### INFRINGEMENT OF REGISTERED MARK
### 15 U.S.C. § 1114

28.     Astro repeats the allegations in paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29.     Defendant, without the consent or authorization of Astro, has used and is using in interstate commerce the ASTRO mark, which is identical or virtually identical to Astro's registered ASTRO Marks, and such use is likely to cause confusion, or to cause mistake, or to

deceive as to the affiliation, connection, or association of Defendant and of Defendant's audio goods with Astro, or as to the origin, sponsorship, or approval of Defendant's audio goods.

30. The goodwill of the registered ASTRO Marks is of enormous value, and Astro is suffering and will continue to suffer irreparable harm should Defendant continue its unauthorized offering and sale of audio goods under the identical mark ASTRO.

31. The acts of Defendant in its unauthorized use of the identical ASTRO mark in connection with audio goods are intended to, and will, divert to Defendant the benefit of the reputation and goodwill symbolized by Astro's registered ASTRO Marks, which belong exclusively to Astro.

32. Defendant's acts constitute infringement of the registered ASTRO Marks under 15 U.S.C. § 1114(1).

33. Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Astro's rights.

34. As a result of Defendant's acts of trademark infringement, Astro is suffering irreparable harm.

35. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement and will continue to confuse the public and cause irreparable harm to Astro.

36. Astro is entitled to a permanent injunction against Defendant, as well as an award of any and all damages, costs and/or attorney fees permitted under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

# COUNT II
## FEDERAL FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a)

37. Astro repeats the allegations in paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. By making unauthorized use in interstate commerce of the identical ASTRO mark, Defendant is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and Defendant's audio goods with Astro, or as to the origin, sponsorship or approval of Defendant's audio goods.

39. Defendant's acts constitute false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

40. Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Astro's rights.

41. As a result of Defendant's acts of false designation of origin, Astro is suffering irreparable harm.

42. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of false designation of origin and will continue to confuse the public and cause irreparable harm to Astro.

43. Astro is entitled to a permanent injunction against Defendant, as well as an award of any and all damages, costs and/or attorney fees permitted under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT III
### VIOLATION OF DELAWARE DECEPTIVE TRADE PRACTICES ACT
### (6 *Del. C*. 2531 *et seq*.)

44. Astro repeats and incorporates each and every allegation set forth in Paragraphs 1 through 43, as though fully set forth herein.

45. The foregoing acts of Defendant violate the Delaware Deceptive Trade Practices Act, 6 *Del. C*. 2531 *et seq*.

46. Defendant's activities as described above have caused, and continue to cause, a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or association with or certification of the goods provided by Defendant under the ASTRO mark in violation of 6 *Del. C*. 2532(a)(2);

47. Defendant's activities as described above have caused, and continue to cause, a likelihood of confusion or misunderstanding as to the affiliation, connection or association with, or certification by, Astro in violation of 6 *Del. C*. 2532(a)(3);

48. Members of the general public are likely to be confused as to whether Defendant and their goods are affiliated, connected, or associated with, or certified by, Astro.  This conduct has had, and will continue to have, an adverse impact on Astro and on members of the general public because it wrongly suggests a cooperative business relationship that does not exist in fact. As a direct and proximate result of Defendant's unfair trade practices, members of the general public have mistakenly believed, and will continue to mistakenly believe, that Defendant's business, and the goods provided by Defendant under the ASTRO mark, are approved or endorsed by, or otherwise affiliated with, Astro.

49. The Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

50. Defendant's actions have caused and continue to cause irreparable harm and damage to Astro, for which Astro has no adequate remedy at law.  Unless enjoined, Defendant will continue its wrongful actions, further injuring Astro and confusing the public.

### COUNT IV
### VIOLATION OF DELAWARE TRADEMARK ACT
### (6 *Del. C.* 3301, *et seq.*)

51. Astro repeats and incorporates each and every allegation set forth in Paragraphs 1 through 50, as though fully set forth herein.

52. The foregoing acts of Defendant violate the Delaware Trademark Act, *6 Del. C. 3301 et seq.*

53. Defendant's activities as described above have caused, and will continue to cause, a likelihood of dilution of the distinctive quality of the ASTRO Marks in violation of *6 Del. C. 3313*.

54. The Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

55. Defendant's actions have caused and continue to cause irreparable harm and damage to Astro, for which Astro has no adequate remedy at law.  Unless enjoined, Defendant will continue its wrongful actions, further injuring Astro and diluting its distinctive ASTRO Marks.

### PRAYER FOR RELIEF

WHEREFORE, Astro prays for entry of judgment against Defendant as follows:

A. That the Court enter judgment in favor of Astro and against Defendant for violations of 15 U.S.C. §§ 1114 and 1125(a), Delaware Deceptive Trade Practices Act, 6 *Del. C.* 2531 *et seq.*, and the Delaware Trademark Act, 6 *Del. C.* 3313 *et seq.*;

B.  That Defendant and its owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, be preliminarily and permanently enjoined, pursuant to 15 U.S.C. §1116 and applicable state laws, from:

1. Using the ASTRO mark or any other marks that are confusingly similar to the ASTRO Marks on or in connection with audio products and related goods;

2. Doing any other act or thing likely to induce the mistaken belief that Defendant or Defendant's goods are in any way affiliated, connected, or associated with Astro or its Audio Products, or doing any other act or thing likely to cause confusion or dilution with respect to Astro's ASTRO Marks;

3. Trading on the goodwill associated with the ASTRO Marks and passing off its goods as those of Astro;

4. Injuring Astro's business reputation and the goodwill associated with the ASTRO Marks and from otherwise unfairly competing with Astro in any manner whatsoever;

C.  That, pursuant to 15 U.S.C. § 1118, Defendant be ordered to deliver up for destruction all materials, including but not limited to labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under the control of Defendant bearing the ASTRO mark;

      D.      That Defendant be ordered to recall from all customers, vendors, sales people, and authorized agents all materials, including but not limited to product packaging, brochures, advertisements, promotions, and all other matter bearing the ASTRO mark;

      E.      That Defendant be ordered to notify all customers, vendors, sales people, and authorized agents of this Order;

      F.      That, pursuant to 15 U.S.C. § 1116, Defendant be directed to file with this Court and to serve on Astro, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

      G.      That Defendant be directed to provide a complete accounting to Astro for any and all profits realized from the sale of any goods bearing, or sold in connection with, Defendant's ASTRO mark from inception up through the date of the injunction;

      H.      That Astro be awarded Astro's actual compensatory damages, including but not limited to, Defendant's profits and Astro's damages, in an amount to be determined at trial, as provided for in 15 U.S.C. § 1117 and applicable state laws;

      I.      That Defendant be ordered to pay treble damages pursuant to 15 U.S.C. § 1117 and applicable state laws for Defendant's knowing, intentional, and willful violations of federal law and state laws;

      J.      That Astro be awarded all reasonable attorneys' fees, costs and disbursements incurred by Astro as a result of this action, pursuant to 15 U.S.C. §§ 1114 and 1117 and applicable state laws;

      K.      That Astro be awarded prejudgment and post-judgment interest on any award from this action; and

      L.      That Plaintiff be awarded any such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Astro hereby demands a trial by jury on all issues triable of right by jury.

Dated: November 30, 2016      BARNES & THORNBURG LLP

                                        */s/ Chad S.C. Stover*
                                        Chad S.C. Stover (No. 4919)
                                        1000 N. West Street, Suite 1500
                                        Wilmington, Delaware 19801-1050
                                        Telephone: (302) 300-3474
                                        Facsimile: (302) 300-3456
                                        E-mail: chad.Stover@btlaw.com

                                        *Attorneys for Plaintiff*